MARGARET UNGER, DEFENDANT IN ERROR, v. JOSEPH
PANKUCH, PLAINTIFF IN ERROR.

Submitted December 11, 1911—Decided March 4, 1912.

On error to the Supreme Court, which affirmed on error a
judgment of the Union Circuit Court.

The opinion of the Supreme Court is expressed in the following memorandum:

"PER CURIAM.

"This is an action upon a recognizance of bail taken in a suit
brought in the Union County Circuit Court by the plaintiff
Unger against one Anton Weber. The suit resulted in a judgment against the defendant. Failing to pay the damages and
costs awarded against him execution was issued and returned
*non est inventus.* The present suit was thereupon brought
against Pankuch, who was surety in the recognizance, and resulted in a judgment against him. To review that judgment
he has sued out the present writ of error.

"The only assignment argued before us rests upon the refusal to nonsuit. The ground upon which the nonsuit was
asked was that the recognizance in suit is void because it does
not comply in all respects with the provision of the sixty-ninth
section of our Practice act. That section declares that "the
recognizance shall be to the effect following," and then sets out
the form of the instrument. That form concludes with the
condition that if the defendant shall be condemned at the suit
of the plaintiff he shall pay the costs and the condemnation of
the court or render himself into the custody of the sheriff, or
if he fails to do so that the surety will pay the costs and condemnation for him or render him into the custody of the
sheriff.

"The recognizance now in suit varies from the form prescribed by the statute in this respect, viz.: Instead of provid-

ing that the surety shall render his principal into the custody of the sheriff it provides that he will render himself into such custody. The theory of the plaintiff is and the specific ground upon which the motion to nonsuit was rested was, that the injection into the instrument of a condition not specified in the statute operates to avoid the recognizance. We do not think it has this effect. Conditions in a recognizance not prescribed by the statute should be treated as surplusage. 34 *Cyc.* 544.

"The recognizance fails to meet the requirement of the statute in another respect—that is, it has no provision that the surety will surrender his principal in case of the latter's default and in case the surety fails to pay the costs and condemnation for his principal.

"But this was not specified as a ground for the motion to nonsuit, and a reversal, therefore, cannot be had for this reason.

"The judgment under review will be affirmed."

For the plaintiff in error, *William R. Wilson.*

For the defendant in error, *William D. Wolfskeil.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, TREACY, JJ.   14.

*For reversal*—None.